By the Court.
This is an original action in this court for a writ of mandamus to require the Industrial Commission to grant the relator a hearing upon an application for rehearing of his claim for compensation. Issue was made by petition and answer. The essential facts are. not in dispute.
The relator sustained an| injury August 1, 1929, while working for the Wheeling Steel Corporation, a self-insuring employer, and he was paid compensation for varying degrees of disability to April 27, 1933. Thereafter the Industrial Commission, on a review of relator’s claim, based upon a special report of its medical examiner and other proofs on file, found that relator was then receiving a normal wage and that his earning capacity was not then impaired and had not been since the last payment of compensation.
Clearly, there has been no denial of compensation upon jurisdictional ground. On the contrary, the Industrial Commission found all jurisdictional facts in favor of the relator; that he was injured in the course of his employment, while engaged in work for an employer amenable to the Workmen’s Compensation Law. Having assumed jurisdiction, the commission *559 found the disability suffered was due to the injury claimed, and determined the extent of disability and the impairment of earning capacity. In that matter it has continuing jurisdiction.
The provisions of Section 1465-90, General Code, are determinative of the question presented. The commission has “full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and the amount of compensation to be paid in each claim, shall be final.”
It has been announced in numerous decisions of this court that under this statute a claimant is entitled to a rehearing only when the Industrial Commission bases its denial of the right of claimant to receive compensation, or to continue to receive compensation, upon its finding that the commission has no jurisdiction of the claim.
It follows from the conceded facts the writ must be denied.

Writ denied.

Weygandt, C. J., Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.